UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                - against -

SAMMUEL CABAN,

                Defendant.
-----------------------------------------------------------X

18-CR-420 (ALC)

ORDER DENYING COMPASSIONATE RELEASE AND GRANTING A REQUEST FOR AN AMENDED JUDGMENT

**ANDREW L. CARTER, JR., United States District Judge:**

BACKGROUND

On December 12, 2019, I sentenced Mr. Caban to 72 months custody, related to his role in a conspiracy to sell crack cocaine. I ordered that his sentence run concurrently with the undischarged term of imprisonment imposed in New York state court.

On December 4, 2020, Caban made an administrative request for compassionate release. The Warden denied it on January 13, 2021. On April 25, 2021, Caban—through counsel—filed this motion for compassionate release, seeking compassionate release based on his fear of contracting COVID 19, even though he is fully vaccinated, and the harsh conditions of confinement he has endured occasioned by the pandemic.

DISCUSSION

    A)    LEGAL STANDARDS

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582.(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A).

Although 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release" and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

Both sides agree that Caban has exhausted his administrative rights.  Therefore, I will address whether Caban has established extraordinary and compelling reasons to justify a sentence reduction, before considering the factors in 18 U.S.C. § 3553.

      B)      ANALYSIS

      1)      DUE TO MEDICAL ADVANCES, HIS CURRENT FEAR OF CONTRACTING COVID 19 DOES NOT CONSTITUTE EXTRAORDINARY AND COMPELLING CIRCUMSTANCES.

There have been advances in the treatment and prevention of COVID-19. Three vaccines have been authorized, and Caban is fully vaccinated.  Given these developments, his fear of contracting COVID, while real, does not qualify as an extraordinary or compelling reason. While his obesity and asthma will create more harsh symptoms if he were to contract COVID, this does not, given the current state of affairs, qualify as an extraordinary or compelling reason to reduce his sentence.

      2)      THE HARSH CONDITIONS HE HAS ENDURED SATISFY THE REQUIREMENT OF EXTRAORDINARY AND COMPELLING CIRCUMSTANCES.

The COVID-19 pandemic has resulted in unusually harsh conditions at correctional facilities.  Many courts have reduced sentences based on this fact.  These conditions certainly could justify a sentence reduction.  However, as stated below, the factors in 18 U.S.C. § 3553 counsel against a reduction in Caban's sentence.

      3)        THE FACTORS IN 18 U.S.C. § 3553 COUNSEL AGAINST A SENTENCE REDUCTION.

Although Caban's enduring of harsh conditions while in custody in the context of the pandemic satisfies the requirement of extraordinary and compelling circumstances, the factors in 18 U.S.C. § 3553 counsel against reducing his sentence. At the time of sentencing, Caban had eleven prior criminal convictions. When Caban engaged in some of the conduct for this offense, he was on post release supervision for a related drug conviction in state court. Moreover, he admitted to possessing a dangerous instrument in connection with the offense. There was—and is—a need to continue to provide specific deterrence in this case. His guideline range was 140-175 months custody, and the downward variance to 72 months reached the appropriate sentence; it is sufficient, and not greater than necessary. The motion is denied.

      4)        I WILL AMEND THE JUDGMENT TO REFLECT MY INTENTIONS AT SENTENCING.

I intended to run Caban's sentence concurrently with the state sentence in effect at the time of sentencing. Caban's current projected release date is inconsistent with that intention. Defense counsel has corresponded with the Designation and Sentence Computation Center to correct the projected release date for Caban, providing a transcript of the sentencing proceeding. Following this consultation, defense counsel requests that I modify the judgment to include:

> "The defendant is sentenced to 72 months to be served concurrently with the term he was currently serving in the state of New York under Indictment/Docket No. 01997-2017."

The government does not object. I will issue an amended Judgment.

**SO ORDERED.**

**Dated: October 14, 2021**
      **New York, New York**

       /s/ Andrew L. Carter, Jr.
**ANDREW L. CARTER, JR.**
**United States District Judge**